# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD POLOMCHAK and RONALD ZABRETSKY, | : : | No. 3:11cv1042 |
| Plaintiffs | : : | (Judge Munley) |
| v. | : : | |
| JAGUAR, INC., MARK, LLC and MARK FERGUSON, | : : | |
| Defendants | : | |

## **MEMORANDUM**

Before the court is Defendants Jaguar, Inc., Mark, LLC and Mark Ferguson's (hereinafter "defendants") motion to set aside the December 20, 2011 entry of default. (Doc. 18). Defendants contend that service was flawed and that they should be afforded the opportunity to present a defense. The court agrees and the default will be set aside.

**Background**

Plaintiffs Richard Polomchak and Ronald Zabresky (hereinafter "plaintiffs") filed the instant action on May 31, 2011, in which they allege various claims arising from their employment with defendants. (See Doc. 1, Compl.). In essence, plaintiffs assert that defendants are liable to them for unpaid wages that they should have received in return for their services as truck drivers. Although the complaint was filed on May 31, 2011, the plaintiffs did not serve the defendants with a copy of the complaint and summons by mid-September 2011. The court granted plaintiffs an extension of time to serve the summons and complaint on the defendants. (See Doc. 6, Order

dated September 20, 2011).

On November 15, 2011, a copy of the complaint and summons were served on Lurena "Renee" Ferguson at her home at 108 Carriage Lane, Clarks Summit, Pennsylvania. (Docs. 7, 8, 9, 10, 11). According to the affidavits of service, Ms. Ferguson was served in her capacity as "mother" with respect to all three defendants. It is undisputed that Ms. Ferguson is Defendant Mark Ferguson's mother; however, it is disputed as to whether they share the same residence.[1] Neither party contends that Ms. Ferguson is an officer, employee, or owner of Mark, LLC. Ms. Ferguson is one of Jaguar Inc.'s corporate officers and serves as the corporation's vice-president and secretary. (See Doc. 21-1, Ex. A, Jaguar Inc. Business Entity Filing History). Ms. Ferguson's home address is also the same address identified by the Pennsylvania Department of State as Jaguar Inc.'s registered office address. (See id.) This evidence contradicts Ms. Ferguson's sworn affidavit in which she stated as follows: "To the best of my knowledge, my late husband was the sole officer and shareholder of Jaguar, Inc. I have never been a shareholder, officer, employee or agent of Jaguar, Inc." (Doc. 19, Ferguson Aff. ¶ 3).

Plaintiff requested an entry of default against defendants on December

---

[1] Plaintiffs' process server asserts that he learned that Mark Ferguson is an "over the road truck driver (currently working out of Florida) and only 'stops' home for his mail about every six weeks." (Doc. 21-4, Ex. D, Proof of Service). Plaintiffs assert that 108 Carriage Lane is Defendant Mark Ferguson's residence given his practice of stopping there every six weeks. Defendants maintain that 108 Carriage Lane has not been Defendant Mark Ferguson's residence for many years.

12, 2011.  (See Docs. 13, 14, 15).  The Clerk of the Court entered default on December 20, 2011 as to all defendants.  (Doc. 16).  Before plaintiffs moved for a default judgment, defendants filed the instant motion to set aside the December 20, 2011 entry of default.  (Doc. 18).

**Jurisdiction**

Plaintiffs assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*  The court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Furthermore, this court has jurisdiction pursuant to the private cause of action created by the Fair Labor Standards Act.  29 U.S.C. § 216(b).

**Discussion**

Under the Federal Rules of Civil Procedure, a district court "may set aside an entry of default for good cause . . . ."  FED. R. CIV. P. 55(c).  District Courts have discretion in deciding when entries of default should be set aside.  Budget Blinds, Inc. v. White, 536 F.3d 244, 256 (3d Cir. 2008) (citing Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988)).  A district court's discretion to set aside an entry of default is not unbridled, and the Third Circuit Court of Appeals requires that courts consider the following three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the

defendant's culpable conduct."[2]  Id. (quoting United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).

Defendants assert that the entry of default should be set aside because of defects in service.  Defendants maintain that service on Ms. Ferguson as the "mother" was defective with respect to all three defendants under both the Federal and Pennsylvania Rules of Civil Procedure.[3]  Defendants assert that

---

[2] This three factored test also applies when parties move to vacate a default judgment pursuant to Federal Rule of Civil Procedure 60(b)(1).  See United States v. $90,745.88 Contained in Account Number 9506826724 Held in the Name of and/or for the Benefit of Amiri Mbubu Auto Sales, LLC, No. 11-1324, 2012 WL 456535, at *1 (3d Cir. Feb. 14, 2012) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).  Although the three factored standard the court must consider when setting aside an entry of default and a default judgement are the same, the court nonetheless notes that a default judgement has not been entered in this case and that the only issue before us is whether the clerk's entry of default should be set aside pursuant to Rule 55(c).

[3] The Federal Rules of Civil Procedure provide that initial service can be effective when the summons and complaint are left at the defendant's "dwelling or usual place of abode with someone of suitable age and discretion who resides there."  FED. R. CIV. P. 4(e)(2)(B).  The Federal Rules also recognize service as valid if it is conducted in the United States and in accordance with either the state law of the jurisdiction in which the district court sits or the state law of the place of service.  See FED. R. CIV. P. 4(e)(1).  The Pennsylvania Rules of Civil Procedure provides that service is effective upon a corporation or similar business entity if a copy of the summons and complaint are provided to one of the following:

> (1) an executive officer, partner or trustee of the corporation or similar entity, or
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

the ineffective service of process in the instant case provides good cause to set aside the entry of default and that they should be able to enter a defense.

The court agrees that, at least with respect to Mark Ferguson and Mark, LLC, there are issues with respect to the effectiveness of service. Plaintiffs contend that Defendant Mark Ferguson's mother was able to accept service on his behalf because she is an adult with whom he resides. This contention is at odds with defendants' assertion that Defendant Mark Ferguson does not share a residence with his mother and has not done so in many years. The court finds that parties dispute over Ferguson's residence, along with the fact that he works as a truck driver in Florida, raise the specter that he was not provided timely notice of this lawsuit.

Furthermore, the court notes that the validity of the service upon the corporate defendants is questionable. Although Ms. Ferguson is a corporate officer of Defendant Jaguar Inc., and thus can validly accept service pursuant to Pennsylvania Rule of Civil Procedure 424, she is not an owner, officer or employee of Defendant Mark, LLC. Plaintiff does not allege that service on Ms. Ferguson is valid with respect to Defendant Mark, LLC, but contends that service on Mark, LLC is complete because service was left at Mark Ferguson's regular place of abode. This is problematic, however, because it is far from clear whether Mark Ferguson resides at 108 Carriage Lane or

---

(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

PA. R. CIV. P. 424.

5

whether that is the business address for Mark, LLC. Thus, significant ambiguities exist regarding the validity of service with respect to two defendants, and the court finds that such circumstances present good cause to set aside an entry of default pursuant to Federal Rule of Civil Procedure 55(c).

The court also finds that setting aside the entry of default in this case is consistent with the three factors our Circuit Court of Appeals directs us to consider when evaluating whether to set aside an entry of default. First, plaintiffs would not be prejudiced if the court grants defendants' motion. Defendants do not seek the immediate dismissal of the action, rather they request that the default be set aside so that they may enter a defense. Therefore, plaintiffs' request that they be afforded additional time to cure any defects in service is unnecessary as Attorney Michael J. Donohue has entered an appearance on behalf of all three defendants, who now have notice of this action via the courts electronic filing system. With respect to the second and third factors, nothing in the record indicates that defendants do not have a meritorious defense to this action, nor does the record reflect that the delay in defendants' response is as a result of their culpable conduct. Given the circumstances surrounding the plaintiffs' service of the summons and complaint, the court finds that any delay attributable to defendants is excusable.

Additionally, setting aside the entry of default in this case is consistent with longstanding Third Circuit Court of Appeals precedent that disfavors

default judgments in favor of resolving disputes on the merits.  See Kimerg v. Univ. of Scranton, 411 F. App'x 473, 479 (3d Cir. 2010) ("doubts as to whether a defendant should be permitted to file an untimely answer should be resolved in favor of allowing a determination on the merits."); Hill v. Williamsport Police Dep't, 69 F. App'x 49, 51 (3d Cir. 2003) ("Our Court 'does not favor entry of defaults or default judgments,' . . . as it prefers adjudications on the merits." (quoting $55,518.05 in U.S. Currency, 728 F.2d at 194)); Hritz v. Woma Cor., 732 F.2d 1178, 1181 (3d Cir. 1984) ("[W]e have repeatedly stated our preference that cases be disposed on the merits when practicable.").  Therefore, the court will grant defendants' motion to set aside the entry of default.

**Conclusion**

For the above-stated reasons, the court will order the clerk's December 20, 2011 entry of default be set aside.  Additionally, the court will order that defendants respond to the complaint within 21 days.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD POLOMCHAK and** | : | No. 3:11cv1042 |
| **RONALD ZABRETSKY,** | : | |
| Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **JAGUAR, INC., MARK, LLC and** | : | |
| **MARK FERGUSON,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 2nd day of April 2012, it is hereby **ORDERED**:

1. Defendants' motion to set aside the December 20, 2011 entry of default is **GRANTED** and the default is **SET ASIDE**; and

2. Defendants shall respond to plaintiffs' complaint within 21 days of this Order.

                                        **BY THE COURT:**

                                        **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**